1   BRANCART & BRANCART
      Christopher Brancart (SBN 128475)
2     Elizabeth Brancart (SBN 122092)
    Post Office Box 686
3   Pescadero, CA 94060
    Tel:   (650) 879-0141
4   Fax:   (650) 879-1103

5   Attorneys for Plaintiffs

6

7

8                  UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  MICHELLE EZELL, et al.,              )   Case No. 1:04-CV-06533-SMS
                                         )
              Plaintiffs,                )   JOINT STIPULATION RE
12                                       )   RULINGS AT DISCOVERY
                                         )   CONFERENCE; ORDER
13       vs.                             )
                                         )
14                                       )
    EDWARDS THEATRES, INC.,              )
15  et al.,                              )
                                         )
16            Defendants.                )
                                         )
17  _____)

18        On June 7, 2005, Magistrate Judge Sandra M. Snyder conducted a telephonic

19  conference with the undersigned counsel for plaintiffs Michelle and Valerie Ezell and

20  for defendant Edwards Theatres, Inc., concerning plaintiffs' proposed motion to

21  compel responses and further responses to discovery from Edwards Theatres, Inc.

22  During the conference, Magistrate Judge Snyder made the following rulings and

23  directed the parties to file this stipulation and proposed order setting forth those

24  rulings to be entered in this case:

25        A.    **Incident Reports**

26        Plaintiffs seek unredacted copies of all incident reports previously produced

27  and seek all incident reports from the time period April 2002, when Edwards was

28  purchased by Regal Entertainment Group, to the present.  The document production

requests to which those incident reports are responsive are numbers 1, 13 and 20 of plaintiffs' first set of requests for the production of documents.  Edwards has produced incident reports from July 1, 2003, but has redacted the identifiers regarding the theater patrons involved in the incidents and the employees/security officers involved.

To resolve this dispute:

1.    Edwards shall produce copies of the incident reports already produced that shall be unredacted to reveal the names of the employees/security officers involved in the incident.

2.    Plaintiffs provided Edwards with a list of incident reports of interest on June 16, 2005.  Counsel have jointly drafted a letter to be sent by Edwards to the theater patrons identified in those incident reports, informing them that plaintiffs' counsel would like to speak with them regarding their experience at Edwards and asking whether they are willing to do so.  A copy of that letter is attached hereto as exhibit 1. Within seven days of the entry of this order, Edwards' counsel will send out the letters to the theater patrons identified on the incident reports and will provide plaintiffs' counsel with the names and contact information of those persons who respond to the letters indicating that they are willing to be contacted.

3.    Plaintiffs may renew their request for third party information with Magistrate Judge Snyder if the mailing results are insufficient.

**B.    Prior Complaints of Discrimination.**

Plaintiffs seek further responses to document requests 4, 13 and 14 and interrogatory numbers 10 and 12 seeking documents, specifically the identification and production of documents related to any prior administrative or civil complaints

against Edwards Theatres, Inc. regarding discrimination (other than employment-related) since April 2002.

To resolve this dispute:

1. Edwards will determine the number of administrative, state and federal discrimination complaints [not employment related] filed or brought against them within the state of in California for the years 2003, 2004. If the number of complaints is 20 or less, Edwards shall produce copies of those complaints. If more than 20 such complaints are identified, the parties shall discuss the issue with the Court for further guidance.

**C.      Incident Reports from Other Theaters.**

Plaintiffs seek further responses to document requests 4, 13 and 14 seeking documents, specifically security incident reports from other Edwards cinemas.

To resolve this dispute:

1. To the extent any exist, Edwards will produce incident reports from the Bakersfield Stadium 14 in Bakersfield and the Valencia Stadium 12 in Santa Clarita for the years 2003 and 2004. Those incident reports may be redacted to cover the names and identifying information of the theater patrons involved in the reported incidents.

**D.      Identification of Movie Patrons**

Plaintiffs seek a further response to document production request number 15, which seeks "[a]ll documents that identify the names of persons who purchased tickets for the February 7, 2004, showing of the movie "Monster" attended by plaintiffs. Interrogatory number 6 seeks the same information in non-documentary form. The purpose of this discovery request is to identify persons who may have witnessed the incident about which plaintiffs complain.

To resolve this dispute:

1     1.    Edwards will provide to Magistrate Judge Snyder a list of

the members of Regal Entertainment Group's frequent buyer program

who purchased tickets at the Fresno theater on February 7, 2004.

    2.    After receiving the list, Magistrate Judge Snyder may write

a letter to the persons identified, or will take such further action or make

such further ruling on the issue as she deems appropriate.

**E.    Edwards' Target Audience.**

Plaintiffs seek a further response to document production request number 17 and interrogatories 16 and 17, which seek marketing plans or advertising to attract patrons to the Edwards Cinema, in order to establish the demographics of Edwards' target audience, so that plaintiffs may compare their personal characteristics to that of the target audience.

To resolve this dispute:

    1.    Edwards will not make further responses to discovery at

this time.

    2.    The Court indicated that, in order to secure this type of

information, plaintiffs may seek to depose Edwards' district manager or

other appropriate individual to determine what types of documents exist,

and then make a more narrowly tailored discovery request.

**F.    Other Issues.**

    1.    Edwards will provide further responses to discovery to

interrogatory number 8 seeking the identity of the employees

responsible for (1) the management of the Fresno theater, (2) the

corporate subdivisions/departments having supervisorial responsibility

over the theater, (3) the district, and (4) the region in which it is located.

    2.    Edwards has responded that there are no "notices, notes,

memoranda, or correspondence" constituting or reflecting "policies,

procedures, and instructions . . . related to the provision of security

-4-

1 services," to the Fresno theater other than the two-page policy document
2 produced, document 449-450. The Court indicated that plaintiffs may
3 wish to depose Edwards' district manager in order to confirm this.

4 **G.     Protective Order.**

5       To protect the confidentiality of any third parties who (1) made formal civil or
6 administrative discrimination complaints against Edwards; (2) made complaints of
7 discrimination or unfair treatment to Edwards' employees or management; or (3) who
8 are identified on any security or incident report created or maintained by Edwards
9 or its agents or employees, the parties have stipulated to issuance of a protective
10 order, lodged herewith.

11       Unless otherwise provided herein, all further responses to discovery will be
12 made within 14 days of the entry of this order.

13       SO STIPULATED.

14       Dated:   July _____, 2005.

15       Respectfully submitted,

16       BRANCART & BRANCART

17

18 /s_____
19 Elizabeth Brancart
Attorneys for Plaintiffs

20 THELEN REID & PRIEST LLP

21

22 /s_____
23 Christine A. Cantin
Attorneys for Defendants

24 * * * * * * *

25 IT IS SO ORDERED.

26 **Dated:   August 19, 2005**      **/s/ Sandra M. Snyder**
27 icido3                     UNITED STATES MAGISTRATE JUDGE

28