```
1  BRANCART & BRANCART
     Christopher Brancart (SBN 128475)
2    Elizabeth Brancart (SBN 122092)
   Post Office Box 686
3  Pescadero, CA 94060
   Tel:  (650) 879-0141
4  Fax:  (650) 879-1103

5  Attorneys for Plaintiffs
```

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHELLE EZELL, et al.,**<br><br>　　　　　**Plaintiffs,**<br><br>　vs.<br><br>**EDWARDS THEATRES, INC., et al.,**<br><br>　　　　　**Defendants.** | Case No. 1:04-cv-06533-SMS<br><br>**JOINT APPLICATION AND STIPULATION FOR ISSUANCE OF PROTECTIVE ORDER; ORDER** |

The parties to this action, by and through their respective counsel, hereby apply for and stipulate to the issuance of the protective order attached hereto.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

Dated: August 1, 2005.　　　　　　　　BRANCART & BRANCART

　　　　　　　　　　　　　　　　　　　　/s/ Elizabeth Brancart
　　　　　　　　　　　　　　　　　　　　Elizabeth Brancart
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs


Dated: August 1, 2005.　　　　　　　　THELEN REID & PRIEST  LLP

　　　　　　　　　　　　　　　　　　　　/s/ Christine A. Cantin
　　　　　　　　　　　　　　　　　　　　(as authorized on August 1, 2005)
　　　　　　　　　　　　　　　　　　　　Christine A. Cantin
　　　　　　　　　　　　　　　　　　　　Attorney for Defendants

**PROTECTIVE ORDER**

This protective order relates to the matter of *Michelle Ezell, et al. v. Edwards Theaters, Inc., et al.*, United States District Court Case No. 04-CV-06533 SMS.

**IT IS HEREBY ORDERED THAT:**

1. As used in this Protective Order, "Confidential Information" means:

    (a) Information or documents produced by defendant Edwards Theatres, Inc. in response to plaintiffs' discovery requests reflecting the identity of third parties who (1) made formal civil or administrative discrimination complaints against Edwards Theatres, Inc. (unless the identity of those persons is part of the public record); (2) made complaints of discrimination or unfair treatment to Edwards Theatres, Inc.'s employees or management; or (3) who are identified on any security or incident report created or maintained by Edwards Theatres, Inc. or its agents or employees.

2. Confidential Information produced to plaintiffs' counsel shall not be disclosed to the plaintiffs in this action.

3. Confidential Information shall not be disclosed by plaintiffs' counsel to anyone other than

    (a) the Court, its officers and employees, including mediators and government officials associated with this action, if any; and

    (b) counsel for plaintiffs, their partners and associates, and their employees who have been assigned to assist counsel in the litigation or settlement of this action,

all of whom shall be advised of, and bound by, the terms of this Protective Order; and

    (c) Third persons, including investigators, experts or consultants, used or retained by counsel for plaintiffs, to

1 the extent deemed necessary by counsel to aid in the
2 litigation or settlement of this action, provided that each
3 such person has read this stipulated Protective Order in
4 advance of disclosure and undertakes in writing to be
5 bound by its terms, as indicated by their execution of a
6 copy the declaration attached hereto as Exhibit 1.

4. All Confidential Information in produced in this case shall be used solely for the purposes of this litigation as permitted hereunder and for no other purpose.

5. Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving Confidential Information will be raised, shall so advise the Court.

6. To the extent feasible, only such pages or exhibits or portions thereof that are designated by the parties as Confidential Information shall be lodged under seal.

7. Nothing in this Protective Order shall affect the admissibility of any Confidential Information in this action.

8. Within 30 days after the termination of this action all Confidential Information produced by defendant shall be returned to defendant's counsel.

9. Nothing in this Protective Order shall be construed to unduly hamper the rights of the parties to prosecute and defend this action. Nothing in this Protective Order shall preclude any party from moving the Court for modification of any terms and conditions thereof. Any party may, at any time, move the Court for modification of this Protective Order. Nothing in this Protective Order shall prevent disclosure

//
//
//
//

1 beyond the terms of the Order if the party designating any information or document
2 as Confidential Information consents in writing prior to that disclosure.

IT IS SO ORDERED.

Dated:   **August 22, 2005**          /s/ **Sandra M. Snyder**
icido3                                UNITED STATES MAGISTRATE JUDGE