UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE EZELL, et al., | Case No. 1:04-CV-06533-SMS |
| Plaintiffs, | |
| vs. | STIPULATED ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DISCOVERY |
| EDWARDS THEATRES, INC., et al., | |
| Defendants. | |

On March 8, 2006, this Court conducted an in-chambers discovery conference concerning plaintiffs' motion to compel further discovery responses by defendants Edwards Theatres, Inc. ("Edwards") and Turner Security Systems, Inc. ("Turner Security"). [Docket Nos. 37 & 43.] Plaintiffs were represented by Christopher Brancart and Elizabeth Brancart. Defendants were represented by Christine Cantin. After reviewing the parties' joint stipulation filed pursuant to Local Rule 37-251(c), hearing the arguments of counsel and examining samples of the various documents at issue in plaintiffs' motion, the Court rules as follows:

**A.     Dispute Regarding Discovery of the Identity of Defendants' Employees and Former Employees**

Defendant Edwards shall provide supplemental responses to plaintiffs'

interrogatory numbers 2 and 8 as follows:

    1.    Edwards shall disclose the name, last known address, telephone number (if readily available), job title and date of termination of former employees who worked at the Edwards Fresno Stadium Cinemas at any time between January 1, 2002 until June 30, 2005, in the positions of (1) general manager, (2) assistant manager, (3) associate manager, (4) shift leader (box office & usher only), (5) box office cashier, and (6) usher.

    2.    Edwards shall disclose the name and job title of current employees who worked at the Edwards Fresno Stadium Cinemas at any time between January 1, 2002 until June 30, 2005, in the positions of (1) general manager, (2) assistant manager, (3) associate manager, (4) shift leader (box office & usher only), (5) box office cashier, and (6) usher.

    3.    If it is less burdensome for Edwards to identify all former employees at the who worked at the Edwards Fresno Stadium Cinemas at any time between January 1, 2002 until June 30, 2005, without regard to position, then Edwards may choose to do so.

    4.    Plaintiffs' counsel may contact the former employees identified by Edwards by letter or telephone call by counsel or counsel's staff, but may not use private investigators to contact those persons.

    5.    The responses provided by Edwards shall be treated as "Confidential Information" subject to the stipulated protective order issued by the Court on August 23, 2005 [Docket No. 32].

Defendant Turner shall provide supplemental responses to plaintiffs' interrogatory numbers 1 and 2 as follows:

    1.    Turner Security shall disclose the name, last known address, telephone number (if readily available), and date of termination of its former employees who provided security services at the Edwards

Fresno Stadium Cinemas at any time between January 1, 2002 until June 30, 2005.

2. Turner Security shall disclose the names of current employees who provided security services at the Edwards Fresno Stadium Cinemas at any time between January 1, 2002 until June 30, 2005.

3. Turner Security shall disclose the name, last known address, telephone number (if readily available), and date of termination of its management employees who supervised Turner Security's provision of security services at the Edwards Fresno Stadium Cinemas at any time between January 1, 2002 until June 30, 2005.

4. Turner Security shall disclose the names of current management employees who supervised Turner Security's provision of security services at the Edwards Fresno Stadium Cinemas at any time between January 1, 2002 until June 30, 2005.

5. The responses provided by Turner Security shall be treated as "Confidential Information" subject to the stipulated protective order issued by the Court on March 17, 2006 [Docket No. 55].

6. Plaintiffs have withdrawn without prejudice interrogatory number 3.

**B.    Discovery of the Identity of Potential Third Party Witnesses by Way of Unredacted Incident Reports**

Defendant Edwards shall provide supplemental responses to plaintiffs' requests for production of documents numbers 1, 13 and 20 as follows:

1. Edwards shall produce unredacted copies of all incident reports regarding the Fresno Edwards Stadium Cinemas between January 1, 2002, and June 30, 2005, subject to redaction by defense counsel of the names, identifying information and contact information

for any apparent juveniles involved in incidents involving sex, alcohol or illegal substances.

    2. The documents provided by Edwards shall be treated as "Confidential Information" subject to the stipulated protective order issued by the Court on August 23, 2005 [Docket No. 32].

Defendant Turner Security shall provide supplemental responses to plaintiffs' requests for production of document numbers 1 as follows:

    1. Turner Security shall produce unredacted copies of all incident reports prepared by its security personnel regarding the Fresno Edwards Stadium Cinemas between January 1, 2002, and June 30, 2005, subject to redaction by defense counsel of the names, identifying information and contact information of any apparent juveniles involved in incidents involving sex, alcohol or illegal substances.

    2. The documents provided by Turner Security shall be treated as "Confidential Information" subject to the stipulated protective order issued by the Court on March 17, 2005 [Docket No. 55].

## C. Discovery of Incident Reports from Other Edwards Theaters

Plaintiffs have withdrawn without prejudice their request for an affidavit from a high-level employee or in-house counsel of Edwards setting forth the description of efforts undertaken to locate security incident reports from the Edwards Bakersfield Stadium 14 and Valencia Stadium 12 for the years 2003 and 2004.

## D. Discovery of Unredacted Time Records

Defendant Edwards shall provide supplemental responses to plaintiffs' requests for production of documents numbers 1and 11 as follows:

    1. Edwards shall produce unredacted copies of all Turner Security Time Sheets from the Fresno Edwards Stadium Cinemas between January 1, 2002, and June 30, 2005, reflecting the names of the security personnel working.

  2. The documents provided by Edwards shall be treated as "Confidential Information" subject to the stipulated protective order issued by the Court on August 23, 2005 [Docket No. 32].

**E.** **Discovery of Turner Security's Business Records**

Plaintiffs have withdrawn without prejudice their document request numbers 1 and 9.

**F.** **Discovery of Turner Security's Business Practices and Prior Complaints of Discrimination**

Defendant Turner Security shall provide supplemental responses to plaintiffs' request for production number 4 as follows:

  1. Turner Security shall provide copies of any documents reflecting complaints of non-employment related discrimination arising out of Turner Security's provision of services at places of public accommodation between January 1, 2002, and June 30, 2005, including, but not limited to, complaints filed with the California Department of Fair Employment and Housing, and any notes, memoranda or correspondence in Turner Security's files.

  2. The documents provided by Turner Security shall be treated as "Confidential Information" subject to the stipulated protective order issued by the Court on March 17, 2005 [Docket No. 55].

  3. Plaintiffs have withdrawn without prejudice interrogatory numbers 7and 8.

* * *

Defendants shall serve their supplemental discovery responses within 30 days of the date of this order.

IT IS SO ORDERED.

**Dated: April 10, 2006**   **/s/ Sandra M. Snyder**
icido3          UNITED STATES MAGISTRATE JUDGE